IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ROLEX WATCH U.S.A., INC.,            Case No. 2:07-cv-10333

    Plaintiff,                                 Hon. Arthur J. Tarnow

    vs.

OMAR DWAN MADISON and ANTHONY
LAMONT GARY, individually and d/b/a CLUB
ROLEX,

    Defendants.
_____/

## FINAL JUDGMENT AND PERMANENT INJUNCTION UPON CONSENT

1.     Plaintiff Rolex Watch U.S.A., Inc. ("Rolex" or "Plaintiff") and Defendants Omar Dwan Madison and Anthony Gary as individuals and doing business as Club Rolex ("Defendants"), having agreed that a Final Judgment Upon Consent and Permanent Injunction (hereinafter referred to as "Consent Judgment and Permanent Injunction") should be entered between them and good cause appearing therefore:

    **IT IS ORDERED, ADJUDGED AND DECREED**:

2.     This case arose under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1125 and 15 U.S.C. § 1114 and for, *inter alia*, the dilution and infringement of a trademark registered in the United States Patent and Trademark Office, for unfair competition, for the use in commerce of false designations of origin and false descriptions and representations, and cybersquatting. This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. § 1367. The Court further has continuing jurisdiction to enforce the terms and provision of this Consent Judgment and Permanent Injunction.

1

**FINDINGS OF FACT & CONCLUSIONS OF LAW**

3. Plaintiff Rolex Watch U.S.A., Inc. is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, New York 10022.

4. Defendant Omar Dwan Madison ("Madison") is a Michigan resident residing at 4611 Bedford St, Detroit MI 48224‑3624 and doing business in this district at 5311 East Outer Dr., Detroit, MI 48234.

5. Defendant Anthony Lamont Gary ("Gary") is a Michigan resident residing at 1138 E Maxlow Ave, Hazel Park MI 48030‑2340 and doing business in this district at 5311 East Outer Dr., Detroit, MI 48234.

6. Madison and Gary do business under the name Club Rolex, which has a principal place of business at 5311 East Outer Dr., Detroit, MI 48234.

7. Rolex is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear one or more of Rolex's trademarks described below. Rolex watches are identified by the trade name and trademark ROLEX and one or more of Rolex's trademarks.

8. Rolex is responsible for assembling, finishing, marketing and selling in interstate commerce high quality Rolex watches, watch bracelets and related products for men and women.

9. Rolex owns numerous trademarks, including, but not limited to, the trademarks and trade names ROLEX, PRESIDENT, CROWN DEVICE (design), DATEJUST, DAY-DATE, GMT-MASTER, YACHT-MASTER, SUBMARINER and DAYTONA on and in connection with watches, watch bracelets and related products.

10. Rolex is the owner of a federal trademark registration in the U.S. Patent and Trademark Office for ROLEX, Registration No. 101,819 dated January 12, 1915 for the goods: watches, clocks, parts of watches and clocks, and their cases.

11. The ROLEX trademark is an arbitrary and fanciful mark that is entitled to the highest level of protection afforded by law.

12. The ROLEX trademark is associated with Rolex in the minds of consumers, the public and the trade.

13. The ROLEX trademark is world-famous.

14. Watches bearing the ROLEX mark have been extensively advertised for many decades.

15. Rolex and its predecessors have used the ROLEX trademark for many years on and in connection with Rolex watches and related products. The ROLEX trademark identifies high quality products originating with Rolex.

16. Based upon Rolex's extensive advertising, sales and the wide popularity of Rolex's products, the ROLEX trademark has acquired secondary meaning so that any product and advertisement bearing such marks is immediately associated by consumers, the public and the trade as being a product and affiliate of Rolex.

17. The ROLEX mark is widely recognized by the general consuming public of the United States as a designation of source of the watches distributed by Rolex.

18. Rolex has gone to great lengths to protect its name and enforce the ROLEX trademark.

19. The ROLEX trademark is in full force and effect and has become incontestable pursuant to 15 U.S.C. § 1065.

20. Decades after Rolex's adoption and use of the ROLEX trademark on its products and after Rolex's federal registration of the ROLEX trademark, Defendants opened a strip club in Detroit, Michigan, called Club Rolex.

21. Defendants' use of the mark Rolex is identical to Plaintiff's Rolex registered trademark.

22. Club Rolex is a men's club that features female stripper services.

23. On October 14, 2006, Rolex's counsel's investigator served Club Rolex with a letter given to a person identified as "Anthony." The letter demanded that the name "Club Rolex" be changed to a name that does not contain the mark ROLEX or any mark that is substantially indistinguishable from the ROLEX mark.

24. To date, no response has been received by Rolex's counsel from Club Rolex.

25. Defendants' dilution of the ROLEX Trademark violates the Trademark Act of 1946, as amended, 15 U.S.C. § 1125, *et seq*.

26. Defendants' infringement of the ROLEX Trademark violates the Trademark Act of 1946, as amended, 15 U.S.C. § 1114, *et seq*. and the common law.

27. Rolex has suffered irreparable harm and damages as a result of the acts of Defendants in an amount thus far not determined. The injuries and damages sustained by Rolex have been directly and proximately caused by the Defendants wrongful advertisement, promotion, distribution, sale and offers of sale of their services bearing a mark that is dilutive and infringing of the Plaintiff's ROLEX registered trademark.

28. Rolex has no adequate remedy at law.

**ACCORDINGLY, IT IS FURTHER ORDERED, ADJUDGED AND DECREED:**

29. The Defendants, their agents, servants, employees and attorneys and all persons acting in concert and participation with them, be and hereby are, permanently restrained and enjoined from:

    (a) using any reproduction, counterfeit, copy, or colorable imitation of the ROLEX mark or any mark confusingly similar thereto including, but not limited to, "Club Rolex" or identify any goods or the rendering of any services

not authorized by Rolex;

      (b)    engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the ROLEX Trademark;

      (c)    using a false description or representation including words or other symbols tending to falsely describe or represent Defendant's unauthorized services or goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

      (d)    further diluting or infringing the ROLEX trademark by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any services or products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the ROLEX trademarks or any mark confusingly similar thereto;

      (e)    using any simulation, reproduction, counterfeit, copy or colorable imitation of the ROLEX trademark or any mark confusingly similar thereto in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized services or products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with Rolex;

      (f)    making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe

that any services or products manufactured, distributed, sold or offered for sale, or rented by Defendant are in any way associated or connected with Rolex, or is sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

(g) engaging in any conduct constituting a dilution or infringement of the ROLEX trademarks, of Rolex's rights in, or to use or to exploit, said trademarks, or constituting any weakening of Rolex's name, reputation or goodwill;

(h) using or continuing to use the ROLEX trademarks or trade names or any variation thereof on the Internet (either in the text of a website, as a domain name, or as a key word, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex;

(i) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (h);

(j) otherwise unfairly competing with the Plaintiff; and

(k) otherwise causing a likelihood of confusion with injury to Rolex's business reputation or the distinctiveness of the ROLEX trademark.

1. Plaintiff waives all claims for damages, including defendant's profits, treble damages, attorneys' fees and costs.

2. Defendants will immediately change their establishment's name from "Club Rolex" to a name that is not confusingly similar to the Plaintiff's ROLEX mark.

3. In the event that the Defendants are ever found by a court of competent jurisdiction, after

notice and an opportunity to be heard, to be in breach of this Consent Judgment and Permanent Injunction, the parties agree that Rolex's damages in the present case shall be in the amount of One Hundred Thousand Dollars ($100,000.00), representing Rolex's past damages, costs and attorneys' fees pursuant to 15 U.S.C. §§ 1125 and 1114 and judgment shall be entered against the Defendants, jointly and severally, in that full amount.

4. Any act by the Defendants in violation of the terms or conditions of this Consent Judgment and Permanent Injunction may be considered and prosecuted as a contempt of this Court and the jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction, implementation or modification of this Consent Judgment and Permanent Injunction, the enforcement thereof and the punishment of any violations thereof.

5. This Consent Judgment shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors and assigns, and acquiring companies.

6. The Court expressly determines that there is no just reason for delay in entering this judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs entry of judgment jointly and severally against each person and entity herein referred to collectively as "Defendants."

7. This Consent Judgment and Permanent Injunction shall be deemed to have been served upon the Defendants at the time of its execution by the Court.

**APPROVED OF AS TO FORM:**

Southfield, MI

Dated: June 4, 2007    s/Elaine M. Pohl
Stephen P. Ormond (P28324)
Elaine M. Pohl (P60359)

KUPELIAN ORMOND & MAGY, P.C.
25800 Northwestern Highway, Suite 950
Southfield, MI 48075
Phone 248-357-0000
Fax 248-357-7488

OF COUNSEL

GIBNEY, ANTHONY & FLAHERTY, LLP
Brian W. Brokate, Esq. (BB 5830)
Matthew W. Carlin, Esq. (MC 4902)
665 Fifth Avenue
New York, NY 10022
Telephone: (212) 688-5151
Fax: (212) 688-8315
Attorneys for Plaintiff Rolex Watch U.S.A., Inc.

**CONSENTED TO BY THE PARTIES:**

The undersigned hereby consent to the entry of a Consent Judgment and Permanent Injunction in the form annexed hereto or in such other form as the Court may approve.

ROLEX WATCH U.S.A., INC

Dated: May 31, 2007                 By:    s/John F. Flaherty
                                            John F. Flaherty
                                            Secretary


Dated: May 18, 2007                        s/Omar Dwan Madison
                                            OMAR DWAN MADISON individually
                                            and d/b/a CLUB ROLEX


Dated: May 23, 2007                        s/Anthony Lamont Gary
                                            ANTHONY LAMONT GARY individually
                                            and d/b/a CLUB ROLEX

**ACKNOWLEDGMENTS:**

**STATE OF NEW YORK**          )
                                : ss.:
**COUNTY OF NEW YORK**         )

On this _____ day of _____, 2007 before me came John F. Flaherty who acknowledged to me that he is the Secretary of Rolex Watch U.S.A., Inc., and that he executed the foregoing instrument on behalf of Rolex Watch U.S.A., Inc., with full authority to do so.

_____
NOTARY PUBLIC

**STATE OF MICHIGAN** )
                                :ss.:
**COUNTY OF** _____ )

On this _____ day of _____, 2007 before me came Omar Dwan Madison, who acknowledged to me that he executed the foregoing instrument with full authority to do so.

_____
NOTARY PUBLIC

**STATE OF MICHIGAHN** )
                                :ss.:
**COUNTY OF** _____ )

On this ____ day of _____, 2006 before me came Anthony Lamont Gary who acknowledged to me that he executed the foregoing instrument with full authority to do so.

_____
NOTARY PUBLIC

**SO ORDERED:**

Detroit, MI

                         S/ARTHUR J. TARNOW
                         Arthur J. Tarnow
                         United States District Judge

Dated: June 5, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 5, 2007, by electronic and/or ordinary mail.

                                    S/THERESA E. TAYLOR
                                    Case Manager